ALBERT BOUCHARD *v.* EUGENE SICARD.

November Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 4, 1944.

*Lee E. Emerson* for the plaintiff.

*Hubert S. Pierce* for the defendant.

STURTEVANT, J.   In this action the plaintiff seeks to recover damages for injuries alleged to have been sustained by him in falling from a load of straw and he contends that the defendant's negligence was the sole cause of that accident. The defendant had a verdict and judgment below and the case is here on the plaintiff's exceptions.

In his declaration, among other things, the plaintiff alleges the following facts. On or about November 7, 1942, the defendant sold a load of straw to the plaintiff.  The defendant was to use his truck to transport the straw from his place to the plaintiff's premises and the latter was to assist in this work.  The plaintiff pitched the straw on the truck and the defendant loaded it.  The straw was not bound with chains or ropes and there was no tail board on the truck.  The load made it impossible for the defendant to see back of the cab.  At the direction of the defendant, the plaintiff took a position on the load near the cab and pushed his fork as far as it would go into the straw and kept hold of it for the purpose of holding the load in place.  This was done upon the promise of the defendant to drive with care.  On that portion of the route which is the main highway leading from Newport Center to North Troy, the plaintiff drove in a careless and negligent manner in that he drove at a speed of, to-wit, 50 miles per hour and disregarded the plaintiff's requests to slow down.  Because of the slippery quality of the straw and the above mentioned negligent acts of the defendant the load with the plaintiff on it slipped from the truck thereby injuring him.  The defendant filed no pleadings and so, under our rule, the case went to trial on the general issue. The plaintiff introduced evidence tending to prove the allegations in his writ.  The defendant introduced evidence tending to show that he drove the truck slowly and not in excess of 25 miles per hour on this occasion and that he did not direct the plaintiff to ride on the top of the load but requested him to ride in the cab and that while there was some talk about binding the load with chains it

was decided not to do so. The fact that the plaintiff rode on the load was a matter of his own choosing and was against the advice of the defendant. The plaintiff knew that straw is slippery.

In its charge to the jury the court instructed them as to negligence, contributory negligence and assumption of risk by the plaintiff. The plaintiff excepted to the charge as to assumption of risk upon the ground that it is an affirmative defense and as it had not been pleaded by the defendant it was not an issue at the trial. That is, the plaintiff contends that the defendant had the burden of showing that the plaintiff assumed the risk and, as it had not been pleaded as a defense, that question was not in the case.

There is a distinction between the doctrine of contributory negligence and the doctrine of assumed risk, since there may be the voluntary assumption of the risk of a known danger such as will bar one from recovery for injury to person or property, even though in the exercise of due care. *Waterlund* v. *Billings et al.*, 112 Vt 256, 262, 23 A2d 540; *Gover* v. *Central Vermont Ry. Co.*, 96 Vt 208, 213, 118 A 874; and cases cited. The doctrine of assumed risk may apply when no relation by contract exists within the limits of the maxim "volenti non fit injuria." That is, if one knowing and comprehending the danger voluntarily exposes himself to it, though not negligent in so doing, he is deemed to have assumed the risk and is precluded from recovery for an injury resulting therefrom. The maxim is predicated upon the theory of knowledge and appreciation of the danger and voluntary assent thereto. *Gover* v. *Central Vermont Ry. Co.*, 96 Vt at 214, 118 A 874; *Goodwin's Admr.* v. *Gaston et al.*, 103 Vt 357, 365, 154 A 772; *Carleton* v. *Fairbanks & Co.*, 88 Vt 537, 549, 93 A 462. It is apparent that one may assume a risk where the danger of injury is so great that a prudent man would not take such chance. Under such circumstances, while the election to take the chance amounts to contributory negligence, it is classified as an assumption of risk. In *Schlemmer* v. *Buffalo R. & P. R. Co.*, 205 US 1, 27 S Ct 407, 409, 51 L Ed 681, in considering the distinction between assumption of risk and contributory negligence, the Court stated: ". . . the practical difference of the two ideas is in the degree of their proximity to the particular harm. The preliminary conduct of getting into the dangerous employment or relation is said to be accompanied by assumption of the risk. The act more immediately leading to a specific accident is called negligent."

■ The plaintiff admits that the evidence made a question for the jury as to whether the defendant drove his truck at a speed greater than was prudent under the circumstances. If the jury found for the defendant on that issue, then it remained for them to determine whether the defendant was negligent as alleged in the declaration, in failing to bind the load with ropes or chains or to have his truck equipped with a tail board. From the evidence the jury could reasonably find that the plaintiff although he knew these facts also knew that straw is slippery material, yet he elected to ride on top of the load and this against the advice of the defendant. Under these circumstances the burden was on the plaintiff to show that he did not knowingly and willingly encounter the danger, that is, that he did not assume the risk. *Dunbar* v. *Central Vermont Ry. Co.*, 79 Vt 474, 476, 477, 65 A 528; *Pette's Admr.* v. *Old English Slate Quarry*, 90 Vt 87, 92, 96 A 596; *Ryder* v. *Vermont Last Block Co.*, 91 Vt 158, 165, 99 A 733 and cases cited. *Gover* v. *Central Vermont Ry. Co.*, 96 Vt 208, 214, 118 A 874; *Craig* v. *Parkhurst*, 111 Vt 486, 489, 18 A2d 173; *Packard* v. *Quesnel*, 112 Vt 175, 182, 22 A2d 164.

Where the evidence makes a case for the application of the doctrine of assumed risk a proper charge on the subject of contributory negligence does not suffice. *Gover* v. *Central Vermont Ry. Co.*, 96 Vt 208, 213, 118 A 874 and cases cited.

It follows that the plaintiff's exception is without merit.

*Judgment affirmed.*