CHARLES E. MCADAMS *v.* RAYMOND S. ROBERTS, INC.

(91 A2d 706)

May Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed October 7, 1952.

*Barber & Barber* for the defendant.

*Osmer C. Fitts, Philip H. Suter* and *John G. Kristensen* (of Counsel) for the plaintiff.

JEFFORDS, J. This is an action of tort to recover for personal injuries sustained in an accident. There was a verdict and judgment for the plaintiff and the case is here on an exception of the defendant to the refusal of the lower court to direct a verdict in its favor. The grounds of this motion, as briefed by the defendant, are substantially as follows: (1) The plaintiff was guilty of contributory negligence as a matter of law. (2) Assumption of risk by the plaintiff. (3) No actionable negligence on the part of the defendant as the plaintiff was not a business visitor at the time and place of the injury to him.

The material facts taken in the light most favorable to the plaintiff are as follows: The plaintiff was the sales manager for a firm in Athol, Mass., a dealer in Chevrolet automobiles. He was sent to the defendant's place of business in Brattleboro to take delivery of a new car from one of a car load which had been sent to the defendant which was also a dealer in Chevrolet cars. The plaintiff arrived in Brattleboro in the evening with three members of his family. He stayed in the office of the defendant with Raymond Roberts, its principal executive officer, while waiting for the car to be checked before delivery. After a time "somebody hollered that the car was ready." The plaintiff then went down the stairs from the office into the yard in front of the defendant's garage with car number plates under his arm. Two of the members of his family were with him. The other had left previously to look at the car. As the three persons came up to a closed overhead door in the garage it was partially opened by somebody inside the garage. The plaintiff had to bend to enter the garage. He stepped in to fasten rear plates on the car. The car was over a grease pit and there was a small space of the pit between the rear of the car and the door. The plaintiff fell into this space causing the injuries complained of. The plaintiff could see the outline of a car through the glass in the door by the light of a lamp near the front of the car and when the door was opened he saw the car which he took for granted to be the car intended for him. The plaintiff did not know that he was entering a grease room or that the car was on a grease pit. The shadow of the car covered the exposed part of the pit. When he entered the garage the plaintiff did not look where he was going. At the time of the accident a member of the plaintiff's family and an employee of the

defendant were in the grease room. The latter had shut off the lights "downstairs in the pit" just before the accident happened. All of the witnesses who were near the door denied opening it.

■ The claim that the plaintiff was not, as a matter of law, a business visitor at the time and place of the accident is the important question in this case. In *Wool* v. *Larner,* 112 Vt 431, at 435, 26 A2d 89, 92, we adopted the definition of "business visitor" from the Restatement of Torts which is as follows: "A business visitor is one invited or permitted to enter or remain on land in possession of another for a purpose directly or indirectly connected with business dealings between them." That the plaintiff was a business visitor under the above definition when he came to the premises of the defendant is not and cannot be questioned. The defendant argues, in effect, that there was no invitation extended to the plaintiff to enter the grease room, under the circumstances here appearing, to get the car.

■■ The invitation required to qualify one as a business visitor on the premises of another may be either express or implied. Such invitation is implied whenever one makes such use of another's premises as the owner intends he shall, or such as he is reasonably justified in understanding the owner intended. The distinction between a visitor who is a mere licensee and one who is on the premises by invitation turns largely on the nature of the business that brings him there, rather than on the words or acts of the owner, which precede his coming. *Manley* v. *Haus,* 113 Vt 217, 220, 221, 32 A2d 668. Ordinarily the invitation extends only to such part of the premises as are reasonably required for the purposes of the visit. *Lucas* v. *Kelley,* 102 Vt 173, 176, 147 A 281.

The plaintiff came to the premises of the defendant to take delivery of a car. This was a transaction of mutual benefit. When he heard someone call that the car was ready he had the right to assume that the car referred to was the one that he was to take and that it was ready for delivery, facts that turned out to be true. He left the office not knowing where he would find the car and not giving this matter any thought. When someone opened the garage door he testified, in effect, that he assumed that the car he saw was for him.

The defendant says that the evidence, taken in the light most favorable to the plaintiff, disclosed that he or some member of his party opened the door. It is true that one member of his party was in the grease room when the door was opened and was nearer to it

than was the employee of the defendant who was also in the room at that time. However, the plaintiff testified positively that someone inside the room lifted the door. There was no evidence tending to show that the plaintiff knew that a member of his party was in the room at the time. He had the right to assume that the door was opened by some employee of the defendant and that this opening was an implied invitation for him to enter the room and get his car, or at least the jury could have so found. His entry into the garage was not for his personal pleasure or convenience nor for the purpose of making a tour of inspection or to satisfy his idle curiosity. The jury reasonably could find that the plaintiff was acting under an implied invitation from the defendant in entering the garage under the rules set forth in the Manley and Lucas cases, supra, and that he was a business visitor at the time of the injury.

The defendant relies largely on the Lucas case in support of its claim that the plaintiff was not a business visitor. The portion of the opinion which it relies upon deals with the exception to the rule that no duty is owed to a mere volunteer except to prevent wanton or wilful injury to such person. This is not the case here.

From what we have said it follows that there was no error in refusing to direct a verdict on the ground that there was no actionable negligence on the part of the defendant.

The next question to be considered is whether the plaintiff was guilty of contributory negligence as a matter of law.

As the jury were justified in finding that the plaintiff at the time and place of the accident was a business visitor it was the duty of the defendant to use reasonable care to keep the premises in a safe and suitable condition so that he would not be unnecessarily or unreasonably exposed to danger, and if a hidden danger existed, known to the defendant, but unknown and not reasonably apparent to the plaintiff, to give warning of it to the latter, who had the right to assume that the premises, aside from the obvious dangers, were reasonably safe for the purpose for which he was upon them, and that proper precaution had been taken to make them so. *Rheaume* v. *Goodro,* 113 Vt 370, 372, 34 A2d 315.

The plaintiff testified that he took one step from the time that he went under the door until he fell into the pit and that there was not over a foot and a half between the door and the back of the car. He did not know that the car was over a grease pit. As we have seen, he had the right to assume that the place, aside from the obvious

dangers, was reasonably safe for the purpose for which he was there, and that proper precaution had been taken to make it so. No warning had been given him of its dangerous condition. The shadow of the car covered the exposed part of the pit. The jury reasonably could find that if the plaintiff had looked before taking his step he would not have seen the opening behind the car. Under these facts and circumstances it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence. For cases with somewhat similar facts and with the same holding see *Phillips Petroleum Co.* v. *Miller,* 84 F2d 148, and *Weir* v. *Bond Clothes,* 131 Pa Super 54, 198 A 896.

■ The doctrine of assumption of the risk is predicated upon the theory of knowledge and appreciation of the danger and voluntary assent thereto. *Bouchard* v. *Sicard,* 113 Vt 429, 431, 35 A2d 439; *Rheaume* v. *Goodro, supra,* at page 373. Such is not the case here. *Pierce* v. *Whitcomb,* 48 Vt 127, is not factually in point.

*Judgment affirmed.*