## Jessie M. Johnstone v. Edyth Bushnell

(102 A2d 334)

November Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 5, 1954.

*A. Pearley Feen* and *Philip W. Hunt* for the plaintiff.

*Joseph A. Mc Namara, Guy M. Page, Guy M. Page, Jr.,* and *Phyllis W. Page* for the defendant.

**Chase, J.** This is an action of tort to recover for personal injuries and expenses incident thereto sustained in an accident.

At the close of the plaintiff's case the defendant moved for a directed verdict in her favor on substantially these grounds: (1) No actionable negligence on the part of the defendant as the plaintiff was not a business visitor at the time and place of the injury to her. (2) The plaintiff was guilty of contributory negligence as a matter of law. The court granted the motion and allowed the plaintiff exceptions. The case is here on these exceptions since other exceptions are not briefed and therefore waived. *Little* v. *Loud*, 112 Vt 299, 301, 23 A2d 628.

The material facts taken in the light most favorable to the plaintiff are: On January 16, 1951 the plaintiff entered the women's apparel shop owned and operated by the defendant who was having a sale that day. The plaintiff selected a dress and took it to the fitting room in the rear of the shop intending to try it on. The fitting room was a space fifteen feet wide and five to seven feet deep separated from the main part of the shop by a cupboard. On either side of the cupboard were openings with drapes as means of entering and leaving the fitting room. The fitting room was well lighted. It was furnished with three chairs, a desk with a sewing machine on it, a floor screen and a hat rack with coat hangers. It had shelves for storing merchandise. When the plaintiff entered the southerly portion of the fitting room there were two persons in the northerly portion of the room, one in the middle portion and one in the southerly portion. The chairs and hangers were filled with boxes and clothing. The person in the southerly portion bumped into the plaintiff so she stepped into what appeared to be a little cloak room in which a coat was hanging beside an empty hook. She hung up the dress, stepped aside to unbutton her coat and fell down the stairs to the basement. The plaintiff didn't know that this "little cloak room" was in fact a stair landing. It was reached through a door in the south end of the easterly wall of the fitting room. This door was opened wide against the south wall of the landing. There were shelves used for storage on the east wall as well as the coat and empty hook heretofore mentioned. The floor was painted maroon and the walls a light blue. It was unlighted except as the light from the fitting room shone into it. There was a 75 watt bulb near

the south wall of the fitting room about three feet from the doorway to the stair landing. A person such as the defendant who was unfamiliar with the store would be unaware of the existence of the stairway. There was no sign to keep out of the "little cloak room" and no sign appraising customers of the existence of the stairway.

The defendant in her brief admits that the plaintiff was a business visitor in the fitting room but argues that when she stepped through the door to the stair landing she did so for her own convenience and went into a place not intended by the defendant to be used by her customers and therefore was not a business visitor in that place and was owed no duty by the defendant.

■■ A business visitor is one invited or permitted to enter or remain on land in possession of another for a purpose directly or indirectly connected with business dealings between them. *Wool* v. *Larner*, 112 Vt 431, 435, 26 A2d 89; *McAdams* v. *Roberts, Inc.*, 117 Vt 309, 311, 91 A2d 706. There is an implied invitation to a business visitor to make such use of another's premises as he is reasonably justified in understanding the owner intended. *McAdams* v. *Roberts, Inc.*, 117 Vt 309, 311, 91 A2d 706; *Manley* v. *Haus*, 113 Vt 217, 221, 32 A2d 668; *Wool* v. *Larner*, 112 Vt 431, 436, 26 A2d 89.

■ Whether the plaintiff was reasonably justified in thinking what she saw through the open door in east side of the fitting room was a little cloak room and whether she was reasonably justified in thinking the defendant intended it to be used by customers trying on dresses were questions of fact. Jurors, acting as fair minded and unprejudiced persons, might have reasonably differed in deciding these facts. Where the evidence affords room for opposing inferences on the part of reasonable persons it is error to direct a verdict. *Pacific Lumber Agency* v. *National Aircraft Materials Corp.*, 108 Vt 10, 15, 182 A 192, and cases cited.

The facts in *Lucas* v. *Kelley*, 102 Vt 173, 147 A 281; *Pierce* v. *Whitcomb*, 48 Vt 127; *Lewis* v. *Lerman Bros.*, 277 Ky 334, 126 S W2d 461, and *McGillivray* v. *First National Stores, Inc.*, 326 Mass 678, 96 NE 2nd 159, cited by the de-

fendant are so different from those in this case these are not in point.

The next question to be considered is whether the plaintiff was guilty of contributory negligence as a matter of law.

■ It appears from what we have heretofore stated that the jury reasonably could have found that the plaintiff at the time and place of the accident was a business visitor. It was therefore the duty of the defendant to use reasonable care to keep her premises in a safe and suitable condition so that the plaintiff would not be unnecessarily or unreasonably exposed to danger and if a hidden danger existed, known to the defendant, but unknown and not reasonably apparent to the plaintiff, to give warning of it to the latter, who had a right to assume that the premises, aside from obvious dangers, were reasonably safe for the purpose for which she was upon them, and that proper precaution had been taken to make them so. *Rheaume* v. *Goodro,* 113 Vt 370, 373, 34 A2d 315, and cases cited; *McAdams* v. *Roberts, Inc.,* 117 Vt 309, 312, 91 A2d 706.

■■ One of the uses of the fitting room at the sale the defendant was conducting was to furnish a place for her customers to remove and hang up their coats and dresses so that they could try on the dresses they were considering buying. With the fitting room crowded and no space available there to hang clothes, and with a door wide open into what appeared to be a cloak room with an empty hook, was there anything to apprise a person, exercising the care and prudence of a reasonable person, of the existence of an unguarded and unlighted stairway? If the situation as it existed here required that the stairlanding or, as it appeared to the plaintiff, little cloak room, be well lighted or warnings posted calling attention to the presence of the stairway in order that the defendant's premises be reasonably safe for those rightfully using them then it was the duty of the defendant to so light or warn. *Wool* v. *Larner,* 112 Vt 431, 437, 26 A2d 89; *Manley* v. *Haus,* 113 Vt 217, 223, 32 A2d 668. The failure of the defendant to have adequate lights at the stairlanding or to warn of the existence of the stairway does not excuse the plaintiff from the exercise of due care for her own safety, but it is a circumstance to be

taken into consideration in determining whether she exercised the requisite care or not, for negligence cannot be imputed to one who is deceived by circumstances calculated to mislead a prudent person. *Manley* v. *Haus, supra*; *Menard* v. *Blanchard*, 117 Vt 384, 389, 92 A2d 616. Was the defendant deceived by the circumstances here existing or did she fail to use due care for her own safety? Should she have stopped and investigated before entering what appeared to her to be a cloak room or was she justified in entering in the manner in which she did?

The evidence was such that the jury reasonably could have found that the plaintiff used due care for her own safety or that she failed to exercise the care and prudence of a prudent person under the circumstance here existing. It was error to take the question of contributory negligence from the jury. *Pacific Lumber Agency* v. *National Aircraft Corp., supra*; *Harley* v. *Big Ben Market Co.*, RI, 98 A2d 870, 872; *Maher* v. *Voss*, Del, 98 A2d 499, 503.

The cases cited by the defendant are not in point because the factual situation in each is unlike that in this case.

*Judgment reversed. Cause remanded.*