## Chafe Edward Painter v. George H. Nichols

[108 A2d 384]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed October 5, 1954.

*Carl S. Gregg* for the plaintiff.

*A. Pearley Feen* and *Philip W. Hunt* for the defendant.

**Chase, J.** This is an action of tort to recover damages for personal injuries received by the plaintiff while loading logs in the course of his employment by the defendant. Trial by jury was had at the September Term, 1953 of the Franklin County Court. Verdict and judgment were for the plaintiff. The case is here on the defendant's exceptions to the granting of a close jail certificate and to the refusal of the trial court to grant the defendant's motion for a directed verdict in his favor made at the close of all the evidence and the refusal of the trial court to grant the defendant's motion to set aside the verdict of the jury in favor of the plaintiff and to render judgment for the defendant notwithstanding the verdict.

The grounds of both motions were that taking the evidence in the light most favorable to the plaintiff and indulging in all reasonable inferences therefrom in his favor the plaintiff must be held

1. to have assumed the risks which are alleged to have caused his injuries;

2. to be guilty of contributory negligence and failure to use due care, as a matter of law, which was a proximate cause of his injuries, and

3. to have failed to show any actionable negligence on the part of the defendant which was a proximate cause of the accident.

Viewed in the light most favorable to the plaintiff the evidence tended to show that the plaintiff was a man over thirty years old and from 1941 to 1949 had spent over seven years in the army; that he had worked in a furniture factory; as a cook and had done landscaping; that in Virginia he operated an edger in a sawmill for eight months and had cut and hauled with a team small logs which were used as mine props; that he had applied to the defendant for work and on March 17, 1953 was hired by the defendant for general farm work; that he helped during sugaring, helped with the chores night and morning, drove a truck, hauled hay and cattle and had gotten nine or ten loads of logs from Bakersfield which he had helped load onto the truck he was driving; that on June 13, 1953 he went with the defendant to the Warner place, so-called, to get logs; that after they got to the Warner place the defendant showed him how to skid the logs there and while he was doing this the defendant repaired the skidway; that after he had repaired the skidway the defendant placed in position two skids; that these skids were planks six or eight inches wide, three inches thick and about twelve feet long; that the plaintiff had placed the truck about eighteen inches to two feet from and parallel to the skidway; that the defendant placed a skid on each side of the skidway - one end near the truck, the other end against the bank at the rear of the skidway; that in loading the logs he and the defendant, using peavies, rolled them along the skidway onto the skids and then onto the truck; that in doing this they walked on the skids, the plaintiff using the one toward the rear of the truck and the defendant using the one toward the front of the truck; that the skid the plaintiff was walking on broke while loading the first log; that he took one of the pieces which was about six feet long and replaced it, putting the broken end against the bank; that when the first course of logs had been loaded on the truck each replaced the skid he was using by plac-

ing one end on the log on the truck nearest the skidway and the other end on the ground - the plaintiff using the broken end of his skid to rest on the ground; that after the next to the last log of the third course had been loaded the plaintiff turned around and went to step off, had one foot on his skid and when he put his other foot on the skid it "evidently"turned and threw him and he came down astraddle the edge of it; that prior to the accident they had loaded eight or nine logs; that not at any time until after the accident did the plaintiff notice that the unbroken end of the skid he was using was cut on an angle; that after they had loaded a log the plaintiff would turn around and sometimes walk down the skid and sometimes would go for another log in a different manner; that they had loaded seven or eight logs with the plaintiff using the piece of the broken plank as a skid.

While the plaintiff in his declaration does not allege want of knowledge on his part of the condition of the plank furnished him by the defendant to use as a skid and of the risks and dangers incident to the use of said plank by him, yet to entitle him to recover, the burden was on him to show that he did not know and comprehend such risks and dangers, and that they were not so plainly observable that the law will charge him with knowing and comprehending them. *Dunbar* v. *Central Vt. R. R. Co.*, 79 Vt 474, 477, 64 A 528; *Hatch* v. *Reynolds Est.*, 80 Vt 294, 297, 67 A 816.

The plaintiff claims that the skid he was using tipped or rolled when he stepped on it because the end placed on the log on the truck was cut on an angle. He admits his comprehension of the danger in using such a plank for he says in his testimony, "If the plank had not been cut at an angle the plank would not have tipped either way." The plaintiff says he did not notice that the plank was cut at an angle on one end until after the accident.

The plaintiff testified that after the plank broke he replaced a piece of it with the broken end on the ground. It necessarily follows that the end toward the truck was the end that was cut on an angle. His testimony further discloses that he walked up and down this plank several times and re-

placed it at least once more. Furthermore, the piece of the plank he was using as a skid was only about six feet long and it was daylight. It cannot be that the condition of the plank would not at a glance be understood by a person thirty years old. Under these circumstances we hold that the fact that one end of the plank was cut at an angle was so obvious that the plaintiff must be taken to have had knowledge of such fact. *Wiggins* v. *E. Z. Waist Company*, 83 Vt 365, 370, 371, 76 A 36, and cases cited. The plaintiff did not object to using this plank so there is nothing in the case from which an inference might be had that his use of the broken piece was other than voluntary.

■ There is a distinction between the doctrines of contributory negligence and assumption of risk, since there may be a voluntary assumption of the risk of a known danger that will bar one from recovering for injury even though in the exercise of due care. If one knowing and comprehending the danger, voluntarily exposes himself to it, even though not negligent in so doing, he is deemed to have assumed the risk and is precluded from recovery for an injury resulting therefrom. *Bouchard* v. *Sicard*, 113 Vt 429, 431, 35 A2d 439, and cases cited. The same rule applies when the injured person is charged with knowledge of the danger. *Wiggins* v. *E. Z. Waist Co.*, *supra*; *Landing* v. *Town of Fairlee*, 112 Vt 127, 130, 22 A2d 179, and cases cited.

In applying the rule just stated to this case we will assume that the defendant was negligent in furnishing the plaintiff with the plank in question, and that the risks in using it were greater than the ordinary risks of his employment and that the plaintiff used due care on his part, which is most favorable to the plaintiff, yet with full comprehension of the danger in using a plank in the condition in which he must have known this plank was by just looking at it and making no objection to its use by him it must be held, and we so hold, that the plaintiff assumed the risks arising from the negligence of the defendant. *Dumas* v. *Stone*, 65 Vt 442, 443, 444, 25 A 1097; *Dunbar* v. *Central Vt. Railway Co.*, 79 Vt 474, 476, 65 A 528; *Wiggins* v. *E. Z. Waist Company*, *supra*; *Dailey* v. *Swift & Co.*, 86 Vt 189, 84 A 603; *Tinney* v. *Crosby*, 112 Vt 95, 105, 106, 22 A2d 145.

*Cross* v. *Passumpsic Fibre Leather Co.*, 90 Vt 397, 98 A 1010, relied upon by the plaintiff is not in point because in that case the plaintiff had no knowledge of the condition of the plank before he stepped on it.

The lower court should have granted the defendant's motion for a directed verdict. In view of this holding there is no need to consider the other exceptions of the defendant.

*Judgment reversed and judgment for the defendant to recover his costs.*