## Ruth Wakefield v. Sam Levin, d.b.a. People's Department Store

[110 A2d 712]

Special Term at Rutland, November, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 4, 1955.

*Edmunds, Austin & Wick* for the defendant.

*Black & Wilson* [*Albert W. Coffrin* on the brief] for the plaintiff.

**Cleary, J.**   This is an action in tort to recover damages for injuries suffered by the plaintiff when she slipped and fell while leaving the defendant's store.  Trial was by jury with a verdict and judgment for the plaintiff.  The case is here on

the defendant's exceptions to the admission of evidence and to the denial of the defendant's motions for a directed verdict and to set aside the verdict. The declaration alleged negligence of the defendant by [1] failing to provide a means of ingress or egress to his premises that was reasonably safe; [2] failing to keep the entryway so that it would not become slippery and dangerous for use due to rain, snow, ice and slush; [3] failing to provide rubber matting or other material of a non-slip nature to protect persons using the entryway from its slippery condition due to rain, snow, ice and slush, when the defendant knew or should have known that the entryway became slippery due to rain, snow, ice or slush. The declaration also alleged that the plaintiff was without fault. The floor of the entrance was old type terrazzo.

■ Subject to the defendant's exception an expert was allowed to testify that there are two types of terrazzo used in store entrances and as to the wearing qualities of the non-slippery type of terrazzo. The defendant claims that questions dealing with other types of surfaces were improper because the question here involved was whether this particular entrance was safe. But the plaintiff's declaration also alleged that the defendant was negligent in failing to provide an entrance of a non-slip nature that would not become slippery. So in order for the jury to determine whether this entrance was reasonably safe and also whether it should have been constructed of non-slip material it was proper to allow the plaintiff to show the types and characteristics of materials commonly used for such a surface. *Cole* v. *North Danville Creamery*, 103 Vt 32, 41, 42, 151 A 568; *Bailey* v. *Central Vt. Ry. Inc.*, 113 Vt 433, 435-436, 35 A2d 365.

■ The expert was also asked what if any measures or safeguards might be taken to prevent such a surface as existed here from being slippery or to make it less slippery and, subject to the defendant's exception, answered it could be covered with a suitable rubber mat. This was properly admitted in order for the jury to determine whether the defendant should have provided such a mat to make the entrance reasonably safe. *Cole* v. *North Danville Creamery*, 103 Vt 32, 41, 42, 151

A 568; *Bailey* v. *Central Vt. Ry. Inc.*, 113 Vt 433, 435-436, 35 A2d 365.

■ Finally, and subject to the defendant's objection and exception, the expert was allowed to state his opinion that the use of the old style terrazzo was hazardous. It is unnecessary for us to decide whether this was a violation of the general rule regarding opinion evidence because, on the grounds briefed and relied upon by the defendant and in view of the other evidence in the case, we are not satisfied that the claimed error was prejudicial. The evidence objected to was similar in effect to other evidence received without objection so the error, if any, was harmless. *Stoddard* v. *Village of North Troy*, 102 Vt 462, 467, 150 A 148; *Shastany* v. *Weeks*, 113 Vt 363, 369, 34 A2d 174.

Both parties have briefed the defendant's motion for a non suit made during the trial but in oral argument defendant's counsel stated he did not press that point and plaintiff's counsel stated he understood the defendant waived it. We so understand and therefore give it no consideration.

The defendant has briefed his motions for a directed verdict and to set aside the verdict on the grounds that the plaintiff had failed to prove [1] that the construction of the entrance way was inherently dangerous; [2] that the defendant had failed to remedy a dangerous condition once he knew of it; and [3] that the plaintiff was contributorily negligent as a matter of law for failure to look where she was going.

■ In passing upon the defendant's motions the evidence must be taken in the light most favorable to the plaintiff and if there is any substantial evidence fairly and reasonably tending to support the plaintiff's claim the question is for the jury. *Fletcher* v. *Manning*, 118 Vt 240, 241-242, 105 A2d 264; *Campbell* v. *Howard National Bank*, 118 Vt 182, 183-184, 103 A2d 96; *McLaughlin* v. *Getman*, 117 Vt 25, 26, 83 A2d 513; *Wilford* v. *Salvucci*, 117 Vt 495, 498, 95 A2d 37; *Green Mt. Mushroom Co.* v. *Brown*, 117 Vt 509, 511, 95 A2d 679; *Reynolds* v. *John Hancock Ins. Co.*, 117 Vt 541, 545, 97 A2d 121. Viewed in this light the evidence showed that the defendant had been connected with the People's Department Store located on

Church Street in Burlington for approximately forty years, was a partner in the business when the terrazzo flooring in the vestibule entrance was installed in 1920 and was the sole owner of the business and the building on November 25, 1949. On that date the plaintiff entered the store as a prospective customer. She was wearing laced oxford shoes with a flat heel and rubber boots with a flat sole. She noticed that the entire entranceway to the People's Department Store was wet, slushy and slippery. As the plaintiff came out of the store she noticed that it was wet and was walking carefully and looking carefully because it was bad all over. She took two or three steps, slipped, fell to the floor and was injured.

There are two types of terrazzo surfaces commonly in use, the old type and the new type. Both types are a mixture of marble chips and cement. In addition, the new type contains particles of carborundum. In both types after the mixture has been allowed to harden it is polished. The carborundum is harder than the cement and makes the surface less slippery. The old type of terrazzo is more slippery when wet and is more apt to be slippery in colder weather. There are means of counteracting the slippery condition of the old type terrazzo, such as the use of sand, cinders or a suitable rubber mat. None of these means was used by the defendant. The distance from the public sidewalk to the store door is ten feet and three inches and in that distance there is a rise of two and three quarters inches. One of the defendant's salesladies, Frances Smith, knew that the entranceway was slippery when wet, had seen people slip there when they were going into the store previous to the morning of the accident, on that morning saw the plaintiff in the process of falling and observed that the entranceway was wet.

On the morning of the accident the temperature at the Burlington Airport rose from 35 degrees above zero at 8:27 A.M. to 39 degrees at 11:30 A.M. It snowed from 12:04 A.M. to 5:04 A.M. and rained from then until 7:28 A.M. The store opened for business that morning at sometime between 8:30 and 9:00 A.M. It was the practice to sweep out the vestibule before the store opened and for that reason the defendant testified he thought it had been swept out the

morning of the accident. There was a street parade fifteen or twenty minutes before the accident. The defendant and all his employees went out in the vestibule to watch the parade. Other people also watched the parade from the vestibule and a group of customers came in the store right after the parade. The defendant knew there was slush on the public sidewalk that morning, knew that the vestibule had slush on it and was wet when he arrived at the store, knew that the vestibule was partly wet when he went back into the store after the parade, knew that when the atmosphere is very damp the vestibule does not dry so quickly, and knew when there is slush on the sidewalk, it is very often tracked in by people coming in and out of the store. He did not cause the vestibule to be swept out after the parade.

■ Since the plaintiff entered the defendant's store for a purpose connected with the defendant's business there carried on and the parties had a mutual interest in the subject matter of her visit she was, in law, an invitee. It was the duty of the defendant, therefore, to use reasonable care to keep the premises in a safe and suitable condition, so that she would not be unnecessarily or unreasonably exposed to danger. *Cole* v. *North Danville Creamery*, 103 Vt 32, 39, 151 A 568; *Rheaume* v. *Goodro*, 113 Vt 370, 372, 34 A2d 315; *McAdams* v. *Roberts, Inc.*, 117 Vt 309, 312, 91 A2d 706; *Johnstone* v. *Bushnell*, 118 Vt 162, 165, 102 A2d 334. The invitation carries with it some measure of assurance of safety, which the owner must make good, by the exercise of active care if necessary. *Wool* v. *Larner*, 112 Vt 431, 436, 26 A2d 89.

■ In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the defendant or have existed for such time that it was his duty to know it. *Dooley* v. *Economy Store*, 109 Vt 138, 142, 194 A 375. On the question of what is negligence it is material to consider the consequences that a prudent person might have anticipated. Under the circumstances shown by the facts it was a question for the jury whether the defendant should have anticipated whether his customers might slip on the surface provided by him in

his entranceway and if the jury should so find it could also find he was negligent in failing to provide a different surface or in failing to take means to protect his customers from injury on the surface which he provided. *Menard* v. *Blanchard*, 117 Vt 384, 387, 92 A2d 616; *Wagner* v. *Village of Waterbury*, 109 Vt 368, 375, 196 A 745; *Bennett* v. *Robertson*, 107 Vt 202, 214, 177 A 625, 98 ALR 152; *Woodcock's Admr.* v. *Hallock*, 98 Vt 284, 290, 127 A 380. The evidence was undisputed that when the plaintiff slipped and fell she was walking carefully and looking carefully so the question of her contributory negligence was also a question for the jury to decide. *Johnstone* v. *Bushnell*, 118 Vt 162, 166, 102 A2d 334; *McAdams* v. *Roberts, Inc.*, 117 Vt 309, 313, 91 A2d 706; *Bressett* v. *O'Hara*, 116 Vt 118, 122, 70 A2d 238. The motions for a directed verdict and to set aside the verdict were properly overruled and these exceptions are not sustained.

*Judgment affirmed.*