Harold MERCHANT, Appellee,

v.

UNITY REAL ESTATE COMPANY,
Appellant.

No. 154, Docket 26479.

United States Court of Appeals
Second Circuit.

Argued Jan. 11, 1961.

Decided Feb. 17, 1961.

Christopher Webber, Edwin W. Lawrence, Donald M. French, Rutland, Vt., for defendant-appellant.

Joseph M. O'Neill, O'Neill, Delany & Valente, Rutland, Vt., for plaintiff-appellee.

Before LUMBARD, Chief Judge, and CLARK and HAND, Circuit Judges.

HAND, Circuit Judge.

This is an appeal from a judgment for the plaintiff entered by Judge Gibson upon the verdict of a jury in an action to recover damages for personal injuries. The jurisdiction of the District Court depended upon diversity of citizenship. The important questions involved are whether there was enough evidence to support the plaintiff's claim based on the defendant's negligence, and the absence of any contributory negligence of the plaintiff. The facts were as follows. On December 20, the plaintiff was driving a delivery truck in Lyndonville, Vermont, whose course led through a private driveway behind a block of buildings owned by the defendant. He stopped his truck in the driveway, stepped out, carried some parcels from the rear of the truck to a restaurant, came back, and after closing the rear door of the truck went around to the front where he meant to board the truck again and proceed with his other deliveries. The truck had been standing with its left running-board partly covering a hole in the surface of the ground. There had been a plentiful rain the night before and the hole had filled with water; but the plaintiff had had no difficulty in jumping to the ground over it when he left the truck. On his return he put his left foot on the edge of the hole and raised his right foot to

step on the running-board of the truck. As he reached for the driving wheel his left foot slipped at the edge of the hole and he fell backward into the water. The hole itself was about four or five feet from the opening of a hatchway that led to the basement of the building and he struck his back on its coaming, causing the injuries for which he sued.

The plaintiff was concededly a "business guest" or "invited person," when he entered the driveway, and it had not been kept in proper repair, for a number of depressions or holes had been made by the passage of vehicles, in which water gathered and froze as was to be anticipated in a Northern Vermont winter. The defendant was advised of the general condition of the driveway and had employed the janitor of one of the buildings in the block to "keep the driveway in condition."

■■ It was within the discretion of a jury to find that the defendant had failed in its duty to those who used the driveway to keep it in reasonable repair. Wakefield v. Levin, 118 Vt. 392, 397, 110 A.2d 712. To allow the surface to become so rough that it would gather pools of water was to make it unsafe for foot travel in winter and imposed liability upon the defendant for any injuries that might follow. There was, however, the further question whether the plaintiff was not himself so plainly guilty of contributory negligence that the judge should have directed a verdict against him. As we have just said, the plaintiff had parked the car with the left running-board diagonally across the pool of rain water that had gathered. It was not frozen but its depth could not be seen from the surface. We will not say that the jury might not properly have held that he had failed to show due care in reaching for the steering wheel before he put his full weight on the frozen edge of the pool; but that does not mean that it was bound so to find. There was no serious danger to a man thirty-seven years old in slipping and falling two or three feet to the ground. Had it not been for the hatchway, nothing serious was

likely to have happened to him. It is perhaps arguable that it was negligent not to provide against the possibility that he might in addition roll or slide across the four or five feet that separated the edge of the pool from the hatchway; but we may not reverse the judgment, even though personally we might have held that he ought to have provided against such a possibility. We do not pass upon that question because it was for the jury to say whether a reasonable man would not have thought any such risk too remote to demand anticipation.

■ The defendant also complains of the court's refusal to charge some of its requests and calls our attention to some of the exceptions taken. It does not appear to us that we need consider the distinction between "acceptance of a risk" and "contributory negligence" which apparently the courts of Vermont still recognize. Bouchard v. Sicard, 113 Vt. 429, 35 A.2d 439. The judge did refuse two requests to charge (Nos. 14 and 15), based upon the plaintiff's assumption of risk; but the charge on contributory negligence appears to us to have covered the substance of any "assumption of risk" in the circumstances of this case. He said that by "contributory negligence is meant the doing of something, or the failure to do something that a careful person would, or would not, do under like circumstances and which fault or neglect formed a part of the proximate cause of the accident." To say further that the conduct of the plaintiff in stepping on the iced edge of the pool might be also treated as the "acceptance" of any risk involved would not have been any added protection.

■ The Vermont Statutes of 1947— § 8078—provides that, if an employer is liable to an employee for "compensation" because of injuries caused by a third person, and has paid the compensation, he is subrogated to the employee's right against the third party. Towne v. Rizzico, 113 Vt. 205, 32 A.2d 129, held that the action may be brought in the employee's name.

Judgment affirmed.