Brian J. MORTIBOYS, Plaintiff-Appellee.

v.

ST. MICHAEL'S COLLEGE,
Defendant-Appellant.

No. 627, Docket 72-2341.

United States Court of Appeals,
Second Circuit.

Argued March 27, 1973.

Decided May 11, 1973.

Frederick W. Allen, Burlington, Vt. (Karen McAndrew and Wick, Dinse & Allen, Burlington, Vt., on the brief), for defendant-appellant.

Philip H. Hoff, Burlington, Vt. (James L. Morse, Burlington, Vt., on the brief), for plaintiff-appellee.

Before FRIENDLY, Chief Judge, LUMBARD, Circuit Judge, and THOMSEN,* District Judge.

THOMSEN, District Judge.

Defendant college appeals from a judgment for plaintiff in an action for damages based on injuries he received in a skating accident in February 1968. St. Michael's College was then a small liberal arts college for men, in Colchester, Vermont. Plaintiff was there on a full athletic scholarship for the purpose of playing basketball.

The college had no organized hockey program, but provided two outdoor ice rinks on which students could skate at their pleasure. The one in question was in the form of a hockey rink, but smaller; it had sturdy side boards and nets, and was used by students for skating, pushing a puck around and "pickup" games.

The undisputed evidence shows that college employees scraped and flooded the rink whenever the weather would permit, usually a couple of times a week, when the temperature would drop to near zero; they removed snow when necessary and checked the rink daily or every other day.

On Friday, February 24, about 1:30 or 2:00 p. m., plaintiff and a friend walked over to the rink with their skates and hockey sticks, in the hope of picking up a game. They found six or seven others there, and skated around for about an hour and a half, passing the

* Of the District of Maryland, sitting by designation.

puck to each other. The temperature had risen to about 35°, but as the sun went down it became colder. The ice was rather rough, but skatable; it was "snowflakey" and cut up from having been skated on. As plaintiff was going after the puck, skating rapidly but not full speed toward the boards, intending to pass the puck to his friend, he noticed a small lump or ball of ice, between ½ inch and 1 inch in height; he raised his foot to pass over it, but when he put his foot down, his skate hit the lump, causing him to fall and injure himself severely.

Plaintiff had not previously seen the lump, and there is no evidence that anyone else saw it before or after the accident. Outdoor ice is exposed to the vicissitudes of the weather and the accumulations caused by skaters using the surface. It necessarily becomes somewhat rough during such use. It is a matter of speculation what caused the lump to be formed and whether it had been there for any substantial length of time.

█ Plaintiff's evidence shows that the maintenance of an indoor rink in suitable condition for intercollegiate hockey requires a staff, expensive equipment [1] and repeated smoothing of the ice during games, as well as before games and practice sessions. Such maintenance cannot reasonably be required of a college providing an outdoor rink for the kind of use contemplated and to which this rink was actually being put at the time of the accident. The duty on the college was reasonable care under all the circumstances.

"In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the condition must have been known to the owner or have existed for such a time that it was his duty to know it." For-

cier v. Grand Union Stores, Inc., 128 Vt. 389, 264 A.2d 796, 799 (1970), quoting from two earlier cases, Dooley v. Economy Store, Inc., 109 Vt. 138, 142, 194 A. 375, 377, and Wakefield v. Levin, 118 Vt. 392, 397, 110 A.2d 712.

█ As Judge Oakes pointed out in Hoar v. Sherburne Corp., 327 F.Supp. 570 (D.Vt.1971), aff'd 456 F.2d 1269 (2 Cir. 1972), the Vermont court has been increasingly liberal in holding the owner of premises liable to business visitors. The defense of assumption of risk, especially, has been sharply narrowed. But the duty owed to a business visitor or other invitee is still "to keep premises reasonably safe". 327 F.Supp. at 578. The Vermont court has not repudiated the rule quoted above from Forcier v. Grand Union Stores, Inc.

A statement of the duty, applied to a skating rink, appears in Gaffney v. America on Wheels, 16 N.J.Super. 484, 85 A.2d 1, 2 (1951).[2] The court said:

"There is no doubt that one who conducts a skating rink is not an insurer of the safety of the patrons. It is equally indubitable that one who engages in such a business is under the duty to exercise ordinary care to render and maintain the premises which are devoted to that use reasonably safe and suitable for such intended purpose."

In Cumberland College v. Gaines, 432 S.W.2d 650 (Ky.1968), plaintiff fell during a physical education class because of a sticky substance on the floor of the gymnasium. The court treated plaintiff as an invitee but denied recovery, stating:

"Where the floor condition is one which is traceable to the possessor's own act—that is, a condition created by him or under his authority—or is a condition in connection with which

---

1. E. g. a "Zamboni", a machine described at trial as costing over $10,000 which "scrapes the surface with a blade and picks up the snow, and lays a new surface of hot water which freezes within minutes".

2. Decided by a three-judge panel of which the present Mr. Justice Brennan was a member.

the possessor is shown to have taken action, no proof of notice of the condition is necessary. However, where it is not shown that the condition was created by the possessor or under his authority, or is one about which he has taken action, then it is necessary to introduce sufficient proof by either direct evidence or circumstantial evidence that the condition existed a sufficient length of time prior to injury so that in the exercise of ordinary care, the possessor could have discovered it and either remedied it or given fair adequate warning of its existence to those who might be endangered by it." 432 S.W.2d at 652.

There is no evidence in the instant case sufficient to support the conclusion that the small lump on the ice had existed for a sufficient period of time to render the defendant negligent in failing to discover and eliminate the potential hazard.

The judgment is reversed, with instructions to dismiss the complaint.