GEORGE LABRECQUE *v.* AMERICAN NEWS COMPANY.

(58 A2d 873)

February Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 4, 1948.

*Arthur L. Graves* and *Frederick G. Mehlman* for the defendant.

*Hubert S. Pierce* for the plaintiff.

SHERBURNE, J.  This is an action to recover damages resulting from a highway accident.  It has been brought here upon the defendant's exceptions after verdict and judgment for the plaintiff.

The only question presented relates to the denial of defendant's motion for a directed verdict upon the ground of plaintiff's contributory negligence.

Viewed most favorably to the plaintiff the evidence reasonably tended to show the following facts: The accident happened upon route 100 about one mile south of Westfield on July 31, 1946, at 8:45 P. M. The weather was clear, and the highway running north and south was straight for three-fourths of a mile north from the scene of the accident and had a paved surface 17 feet and 3 inches wide. At this place defendant's Buick car, while being driven southerly partly to the left of the center of the road by one O'Connor at a speed of 40 miles per hour, side-swiped plaintiff's hay baler, attached to and being towed northerly by a Farmall tractor operated by the plaintiff. The tractor had two headlights about 18 inches apart. These were spot lights about two inches in diameter and about $3\frac{1}{2}$ feet from the ground. They were focused straight ahead and gave a strong light, and their rays projected along the road for a distance of 150 feet or more. The hay baler was an L shaped machine, about 25 feet long, 9 feet 10 inches wide at the front, and about 3 feet wide at the rear. It had two wheels and was supported in front by being attached to the tractor. As it was drawn along the highway its left front end extended into the road at least 5 feet beyond the tractor lights. It had no light upon it, but a spot light located under the tractor seat was so directed as to shine upon the part that projected out to the left of the tractor. This light enabled the driver of the tractor to watch the operation of the baler at night in picking up hay from the windrow. There was no evidence that such illumination was adequate to show the hay baler or to disclose its presence to one facing the spot lights of the tractor.

According to the testimony of O'Connor he was blinded by the tractor lights and did not see anything in the road behind the tractor until it was too late to avoid a collision. To the same effect was the testimony of the driver of a truck and his wife, who came along $\frac{1}{2}$ mile behind O'Connor and shortly after the accident at a speed of 30 miles per hour, and didn't see the hay baler until 10 feet from it, and barely missed hitting it by making a quick turn to the right.

The defendant in its motion called attention to P. L. 5122, requiring every vehicle on a public highway, except in instances

not here material, to have attached to it a light which shall be so displayed as to be visible from the front and rear during the period from 30 minutes after sunset to 30 minutes before sunrise; and to P. L. 5116, that when vehicles are approaching each other in opposite directions, spot lights shall not be used except when projecting their rays directly on the ground and at a distance not exceeding 30 feet in front of the vehicle. The plaintiff violated each of these provisions, and such violations made a prima facie case of negligence upon his part, and gave rise to a rebuttable presumption of the lack of ordinary care, the effect of which was to shift the burden of evidence on that question. *Shea* v. *Pilette,* 108 Vt 446, 450, 189 A 154, 109 ALR 933; *Hall* v. *Royce,* 109 Vt 99, 106, 192 A 193. Since there was no evidence that the illumination of the hay baler by the spot light under the seat of the tractor was adequate to disclose the presence of the hay baler to one facing the headlights of the tractor, the presumption of negligence was not rebutted, and such violations of the statute are determinative of plaintiff's negligence.

The burden was upon the plaintiff to show his freedom from contributory negligence. *Colburn* v. *Frost,* 111 Vt 17, 21, 9 A2d 104; *Farrell* v. *Greene,* 110 Vt 87, 90, 2 A2d 194. Ordinarily contributory negligence is a question of fact for the jury, but when the material facts are undisputed, and are so conclusive that but one reasonable deduction can be drawn therefrom the question is one for the court. *Steele* v. *Fuller,* 104 Vt 303, 308, 158 A 666.

In passing upon the question as to whether the plaintiff's negligence contributed to the accident, we take judicial notice that in meeting a vehicle with bright headlights one's vision is impaired by their glare so as to make it impossible to see any ordinary object near and to the rear of them. It is even said in *Putnam* v. *Bowman,* 89 NH 200, 195 A 865, that it is well known that immediately after passing a lighted car proceeding in the opposite direction one's vision is momentarily impaired even when those lights are deflected downward.

Had all of the hay baler been directly behind the tractor, or had it not projected quite as far beyond the tractor lights, there would have been no accident. Under the circumstances its projection into the road 5 feet beyond the lights was an invitation to an accident. True it is, there would have been no collision had O'Connor driven to his right of the center of the road, or had he reduced his speed

when blinded by the tractor lights and proceeded with his car under such control that he could have stopped it immediately if necessary, or had he stopped until the situation became clear, as he ought, but that does not establish that his negligence was the sole cause of the accident under the circumstances. The plaintiff has failed to show in any way that his negligence did not also contribute to the accident, consequently the only deduction to be drawn is that he was guilty of contributory negligence as a matter of law. The motion for a directed verdict should have been granted.

*Judgment reversed, and judgment for the defendant to recover its costs.*