## Margaret Wall v. A. N. Derringer, Inc.

[117 A2d 390]

February Term, 1955.

Present: **Sherburne, C. J., Cleary, Adams and Chase, JJ., and Hulburd, Supr. J.**

Opinion Filed October 4, 1955.

*N.  Henry Press* for the plaintiff.

*John G.  Kissane* for the defendant.

**Chase, J.**  This is an action of tort in which the plaintiff seeks damages for injuries received when she fell in the defen-

dant's place of business. Trial was by jury and resulted in a verdict for the plaintiff. Before judgment, on motion of the defendant, the court set aside the verdict and entered a judgment for the defendant. To the action of the court the plaintiff took and was allowed exceptions. The case is here on the plaintiff's bill of exceptions.

One ground of the defendant's motion was that the plaintiff was guilty of contributory negligence which was a proximate cause of the accident.

Viewed in the light most favorable to the plaintiff the undisputed facts bearing on the question of her contributory negligence are:

As one enters the place of business of the defendant from the street the floor is level for six and one-half feet. At this point there is a step six inches high the entire width of the room. The floor continues at this new level for five and one-half feet to a counter. On May 15, 1950, the plaintiff entered the defendant's office on business. She walked across the lower level, noticed the elevation, stepped up to the upper level, walked to the counter and transacted her business. The transaction of her business required only a few minutes after which she turned around and started to leave. On her second step she stepped over the edge of the upper level and pitched forward to the lower level. The place was well lighted. The plaintiff had not forgotten the existence of the step. She did not look down at it but looked straight ahead to the door leading to the street. The step had no railings and there were no signs warning of its existence. The plaintiff testified that the accident was caused because the distance between the counter and the edge of the upper level was not wide enough to accommodate her stride.

■ The burden was on the plaintiff to show her freedom from contributory negligence and ordinarily such negligence is a question of fact for the jury. However, when the material facts are undisputed, and are so conclusive that but one reasonable deduction can be drawn therefrom the question is one for the court. *Labrecque* v. *American News Company*, 115 Vt 305, 307, 58 A2d 873, and cases cited; *Bressett* v. *O' Hara*, 116 Vt 118, 122, 70 A2d 238.

38

■ Even though the plaintiff had the right to assume that the premises, aside from obvious dangers, were reasonably safe for the purpose for which they were adapted, *Cole* v. *N. Danville Coop. Creamery Ass'n*, 103 Vt 32, 40, 151 A 568, the owner of the premises is not liable to one who goes thereon as an invitee for injuries resulting from a danger that was obvious to the latter or should have been observed in the exercise of ordinary care. *Dooley* v. *Economy Stores, Inc.*, 109 Vt 138, 141, 194 A 375.

■ Where the defect or danger is patent or obvious it is contributory negligence to fail to exercise ordinary care to avoid it. 65 CJS, Par. 121, p. 728. Two cases very much in point are *Mullen* v. *Sensenbrenner Mercantile Co.*, Mo, 260 SW 982, 33 ALR 178, 180, in which the plaintiff in leaving a store she had entered about twenty minutes previously looked straight ahead and did not observe the obvious condition of the tile floor in the entrance; and *Hixenbaugh* v. *J. S. McCrory Co.*, 145 Pa Super 586, 20 A2d 910, 913, 21 A2d 242, in which the plaintiff in leaving a store a few minutes after entering it looked straight ahead and did not observe an unobscured step in the doorway. In each of these cases it was held that the plaintiff was guilty of contributory negligence as a matter of law and recovery for injuries received was denied.

In this case we hold that the plaintiff is guilty of contributory negligence as a matter of law in looking straight ahead and failing to notice the step and accommodating her stride to the situation as it there existed.

There was no error in setting aside the verdict and rendering judgment for the defendant.

Our disposition of the question of contributory negligence makes it unnecessary to pass upon other questions briefed.

*Judgment affirmed.*

Sherburne, C. J., having retired, took no part in the decision of this case.