### Joyce Berry
#### v.
### Hugh T. Whitney and Faye L. Whitney

[217 A.2d 41]

December Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed February 1, 1966

384

*Bishop, Crowley & Jeffords* for plaintiff.

*McKee & Clewley* for defendants.

**Keyser, J.** The defendants, owners of a two-story tenement house, rented the upstairs tenement to the plaintiff and her husband. On October 23, 1962, the plaintiff sustained injuries in a fall while attempting to go down a common stairway leading off a downstairs porch to the ground level. In her complaint the plaintiff charges that her injury was "due to the negligent design and condition of the stairway." Trial was by jury at the March Term, 1965, of Rutland County Court.

On trial the defendants moved for a directed verdict at the close of plaintiff's case. The court denied the motion and trial proceeded. At the close of all the evidence the defendants renewed their motion for a directed verdict. The court also denied this motion and submitted the issues to the jury which returned a plaintiff's verdict.

By their appeal the defendants claim error by the court in the denial of these two motions. We consider only the motion made at the close of all the evidence since the defendants waived their previous motion by continuing with the trial after that motion was denied. *Mattison* v. *Smalley*, 122 Vt. 113, 116, 165 A.2d 343; *Kinsley* v. *Willis*, 120 Vt. 103, 107, 132 A.2d 163.

The defendants present two grounds of appeal: (1) The lack of evidentiary support of plaintiff's allegations of negligence by the defendants, and (2) an assumption of the risk by the plaintiff.

By denying defendants' motions for a directed verdict, the court ruled as a matter of law that the evidence, viewed in the light most favorable to the plaintiff, tended to support a plaintiff's verdict. *Mattison* v. *Smalley,* supra, at 116, 117.

In considering defendants' motion, we not only view the evidence in the light most favorable to the plaintiff but also we exclude any modifying evidence. All conflicts are resolved against the defendants. The motion cannot be granted if there is evidence fairly and reasonably tending to justify the verdict. *Norton & Lamphere* v. *Blow & Cote,* 123 Vt. 130, 131, 183 A.2d 230. The tendency of the evidence, not its weight, is to be considered and contradictions and contrary inferences are for the jury to resolve. *Austin* v. *Bundy,* 122 Vt. 111, 112, 165 A.2d 236.

Viewed in this light the evidence disclosed the following factual situation. The house rented by the defendants has two entrances, one on the end of the house served by a porch and one on the side. The porch entrance on the end of the house is the entrance first reached from the driveway and is the one mostly used by the tenants. The plaintiff and her husband had lived in the upstairs tenement for several months at the time of her injury. A door from a common hallway in the house opens onto the porch and is 4-6 feet from the steps used to reach ground level. There are four steps from the top of the porch down to the ground. The steps have iron-pipe railings on either side extending from posts on the top step of the porch to the tread in the lowest step.

Defendant Hugh Whitney, a painter since 1944, had painted the steps with porch and deck paint just about a week before plaintiff's accident. The photograph, Defendant's Exhibit A, shows the porch was also painted like the steps. From his experience as a painter, Mr. Whitney knew water on freshly painted surface is more slippery than normal but he did not warn plaintiff of this fact. After being painted the steps were very slippery and were more so when wet. The steps were dry until the rain wet them on the day plaintiff fell. The first step below the porch was 8-10 inches down. The tread of this step pitched forward from a level point at the rear and also tilted a little to the left. After plaintiff's accident, the defendants improved the steps but what repairs were made and when does not appear.

On the day of her accident the plaintiff came downstairs with some garbage using the end porch entrance. The plaintiff placed the garbage under her arm so she could take hold of the railing on the left side of the steps with both hands. She went to step down, slipped, and fell

down to the bottom of the stairs. The plaintiff could not positively say whether she "slipped on the porch floor itself or on the first step of the stairway."

The defendants do not dispute that the premises in question were under their control and that they had the duty to exercise reasonable care to keep the common stairway safe for their tenants. *Beaulac* v. *Rabie,* 92 Vt. 27, 33, 102 Atl. 88.

The defendants urge the plaintiff has failed to prove "by the requisite degree of persuasion" that her accident happened on one of the porch steps in the manner alleged. They contend that the "stairway" where the plaintiff alleged she was injured did not include the edge of the porch onto which a person must step when entering or leaving the house and thus the ruling on their motion was error.

"Stairway" is defined in Webster's Third New International Dictionary as "one or more flights of stairs and usually connecting landings providing passage from one level (as of a building) to another."

■ Defendant Hugh Whitney, himself, considered the step up on to the porch as an additional step to the four steps down to the ground. We are satisfied that the edge of the porch used as a step comprised an integral part of the "stairway" where the plaintiff claimed the accident occured and was within the area alleged.

■ Defendant Hugh Whitney testified without objection that he made improvements to the steps after plaintiff's accident but couldn't recall what repairs were made or when. This evidence was allowed to stand unexplained and left it to the jury to draw such inferences from it as they felt it warranted. *See Wright* v. *Shedd,* 122 Vt. 475, 480, 177 A.2d 240.

Furthermore, the inference from the evidence is that the plaintiff was in the act of descending from the top step on the porch to the lower steps. She testified that she had hold of the hand rail, that she went to step down, and thought she may have been on the edge of the porch when her foot slipped. In cross examination the following appears:

"Q.   So, Mrs. Berry, at this time you cannot positively say whether you slipped on the porch floor edge itself or on the first step of the stairway, is that correct, what you said?

A.   Yes."

■ While plaintiff's testimony is not strictly inconsistent, there is comparability with it and this evidence of the plaintiff presented a

question for the jury to resolve. See *Boston & Maine Railroad* v. *Howard Hardware Co.,* 123 Vt. 203, 212, 186 A.2d 184.

Moreover, the evidence was conflicting regarding the condition of the stairway at the time of the accident. This presented a question for the jury. *Levey* v. *Hall,* 119 Vt. 143, 147, 120 A.2d 568.

Applying the rules stated, supra, to defendants' motion, there was evidence which required the settled determination of the jury as to just how, why, and where, plaintiff's accident happened. We think there was evidence which fairly tended to support plaintiff's claim and thus liability was a jury question, not a matter of law for the court.

It was for the jury to decide whether a negligent condition existed on the stairway and produced the proximate cause of the injury to plaintiff. *Boston & Maine Railroad* v. *Howard Hardware Co.,* supra, at 209.

■ The second ground of defendants' motion is that the plaintiff assumed the risk in using the steps as there was another entrance which she could have used. Assumption of risk being an affirmative defense under 12 V.S.A. §1024, the burden of the proof rested on the defendants.

In *Killary* v. *Chamber of Commerce,* 123 Vt. 256, 186 A.2d 170, we said at page 262: "The assumption of risk doctrine has no application unless there is knowledge of the existence of the risk, together with an appreciation of the extent of the danger. One cannot assume a risk unless one knows about it, appreciates it, and consents to assume it." See also *Roberts* v. *Gray,* 119 Vt. 153, 157, 122 A.2d 855.

The evidence shows that the plaintiff had used the porch entrance and steps in question only about three times after they were painted. There is no evidence that the steps were wet on any of these occasions. The steps had never been slippery before as they were that day. The evidence does not establish that the plaintiff had knowledge of the existence of the risk involved, or that she appreciated it, and consented to it.

Clearly from the evidence in the case it can not be held, as a matter of law, that the plaintiff assumed the risk within the rule stated supra. The evidence lacks the tenor and strength to sustain defendants' burden of proof on this issue. It was a question for the jury under proper instructions of the court. The denial of defendants' motion on this ground was not erroneous.

The defendants' urge the motion should have been granted because

there was another entrance available for plaintiff's use. Whether there was another entrance to the house that plaintiff could have used is not a controlling factor, in this case. It was for the jury to say whether, being obliged to leave the house, the plaintiff did use the stairway in the manner claimed by the defendants, or whether, under the facts disclosed by the evidence, she should have used the other entrance. See *Home Realty Co.* v. *Carius,* 189 Ky. 228, 224 S. W. 751, 752.

One further ground of defendants' motion was contributory negligence of the plaintiff. This exception is not briefed and thus is waived. *Horicon* v. *Estate of Delphine Langlois,* 115 Vt. 470, 478, 66 A.2d 16.

Having reviewed the defendants' contentions, we find no error in the judgment.

*Judgment Affirmed.*