## Harold P. Morgan v. Renehan-Akers Co., Inc.

[ 236 A.2d 645 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

*Thomas P. Salmon* and *David F. Buckley* for plaintiff.

*Kristensen, Cummings & Price* for defendant.

**Smith, J.** The plaintiff, an inspector of weights and measures for the State of Vermont, brought suit against the defendant corporation seeking recovery for injuries claimed to have been received as a result of a hole in the platform of the scales of the defendant, into which

plaintiff fell while conducting an inspection of the said scale. Upon trial in the Windham County Court, a jury verdict was returned in favor of the plaintiff, and from such verdict, and the resulting judgment, the defendant has here taken its appeal.

The brief of the defendant presents two questions for our determination, (1) Was the plaintiff guilty of contributory negligence as a matter of law in failing to look where he was backing and failing to observe an obvious danger? (2) Did the trial court err in its failure to charge as requested that one who steps backward without paying attention to where he is stepping is not in exercise of due and reasonable care?

Viewed in the light most favorable to the prevailing party below, the evidence presents the following factual situation: The plaintiff, and a Mr. Eddy, both employed by the State of Vermont in the Department of Weights and Measures, arrived at the premises of the defendant in the afternoon of August 15, 1964, for the purpose of making an inspection and check of the platform scales of the defendant. This was an annual event and the plaintiff had made similar inspection of these platform scales on approximately six previous occasions.

The scale, approximately 20 feet long and 8 feet wide, is located southerly of the business premises of the defendant, for the purpose of weighing heavily laden trucks, and is constructed of planks. The plaintiff and his helper arrived by truck at the westerly end of the scale, and backed the truck to a point near this westerly edge. Approach from the easterly end of the scale is blocked by a telephone pole.

Plaintiff, upon dismounting from the truck, looked at the scale to see if any planks were missing, and whether the scale seemed to be in good condition and observed no defects at the time. Heavy weights were then removed from the truck by a mechanical lift and placed near the westerly edge of the scale. These weights were then transported onto the scale by means of a two-wheeled dolly device which hooked onto a loop placed in each weight. By pulling the handle of the dolly downward, the weight could then be transported to such part of the scale as the inspector might wish it to be placed.

Plaintiff engaged the dolly into the loop on a 1,000-lb. weight, pulled the handle downward and started to walk backwards, pulling the dolly. His intention was to deposit the weight at the easterly end of the scale. While thus engaged, plaintiff's foot suddenly descended

into a hole in the northeast corner of the scale and he received the injuries here complained of.

Both of the questions presented here have to do with the question of contributory negligence on the part of the plaintiff, which was pleaded as a special defense by the defendant. Defendant first asserts that the plaintiff was guilty of contributory negligence as a matter of law in failing to look where he was backing and thus failing to observe an obvious danger.

Although not clearly indicated in the brief, the defendant is apparently seeking here a reversal of the refusal of the court below to grant its motion for a verdict directed in its favor, on the same ground that plaintiff was contributorily negligent as a matter of law. This motion was made at the close of plaintiff's evidence, which was also the close of all evidence in the case, as the defendant offered no evidence or testimony on its part.

While admitting that negligence is ordinarily a question for the jury, the defendant asserts that here the material facts are undisputed and are so conclusive on the question of plaintiff's contributory negligence that the question was one for the court, citing *Wall* v. *A. N. Derringer, Inc.,* 119 Vt. 36, 117 A.2d 390.

██ Plaintiff was admittedly a business invitee on the premises of the defendant. It was the duty of the defendant to use reasonable care to keep its premises in a safe and suitable condition so that the plaintiff would not be unnecessarily or unreasonably exposed to danger, and if a hidden danger existed, known to the defendant, but unknown and not reasonably apparent to the plaintiff, to give warning of it to the latter, who has a right to assume that the premises, aside from obvious dangers, were reasonably safe for the purpose for which he was upon them, and that proper precaution had been taken to make them so. *Johnstone* v. *Bushnell,* 118 Vt. 162, 165, 102 A.2d 334. It is defendant's contention that the danger here, the hole in the planking of the scale platform, was obvious to the plaintiff, or that he should have observed it in the exercise of due care. *Dooley* v. *Economy Store, Inc.,* 109 Vt. 138, 141, 194 A. 375.

It is true, as defendant asserts, that after his accident the plaintiff did observe the hole in the platform, and did testify that he could have seen it if he "had been looking backwards." But the evidence is that the hole could not be seen from a general view of the platform from

its western end, which plaintiff made when he arrived at the scene. Nor was the hole so obvious that it had come to the knowledge of the defendant, or any of its thirty employees prior to the accident.

There is not here the factual situation which existed in *Wall* v. *A. N. Derringer, Inc., supra,* where the plaintiff had observed a change in level in the floor upon which she was walking, but fell while looking straight ahead on a return walk over the same area with the hazard which she had previously observed. Here, the plaintiff, necessarily walking backwards in order to move the weight loaded dolly, fell into a hole which he had not observed in his previous inspection of the platform, was not readily apparent, and the existence of which had not been previously detected by him in his observation, or of which he had received notice by the defendant.

■ Whether the plaintiff was reasonably justified in walking backwards on the scale platform in the manner that he did, in view of his prior inspection of the platform and the circumstances then existing, was a question of fact for the jury where the evidence afforded room for opposing inferences on the part of reasonable people. The evidence was such that the jury reasonably could have found that the plaintiff used due care for his own safety. The court below was correct in refusing to grant the motion of the defendant to hold that the plaintiff was guilty of contributory negligence as a matter of law, and to direct a verdict in favor of the defendant.

■ Defendant excepted to the lower court's refusal to charge as defendant requested "that one who steps backward without paying attention to where he is stepping, is not in the exercise of due and reasonable care." The request, as made, is ambiguous in meaning for it is not clear whether the defendant claimed that the attention needed before stepping backwards was before the steps were actually taken, while the steps were being taken, or both. If the request be taken as meaning that such attention must be paid while taking the backward steps, as defendant seems to argue here, then it is actually a request for a directed verdict, and what we have previously said on that issue is applicable here.

A careful reading of the charge given to the jury below, measured by its full context, demonstrates that the court fully and adequately stated the law on the issue of contributory negligence involved in

498

this case, which is sufficient to sustain it over the objection made. *Ballou* v. *Stebbins and Dunbar,* 124 Vt. 417, 420, 207 A.2d 234.

*The entry is "Judgment Affirmed."*