**The SHERBURNE CORPORATION,**
**Appellant-Defendant,**

v.

**Rita M. HOAR and Francis J. Hoar,**
**Appellees-Plaintiffs.**

**No. 412, Docket 71-1918.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 5, 1972.

Decided March 17, 1972.

---

**1270**

Hays, Circuit Judge, concurred and filed opinion.

Michael Clapp, Burlington, Vt. (Wick, Dinse & Allen, Burlington, Vt., on the brief), for appellant.

John S. Liccardi, Rutland, Vt. (Kinney & Carbine, Rutland, Vt., on the brief), for appellees.

Before LUMBARD, HAYS and MANSFIELD, Circuit Judges.

PER CURIAM:

In this diversity case the defendant Sherburne Corporation appeals from a decision of the District Court for the District of Vermont, Oakes, J., denying its motions for a directed verdict and judgment n. o. v. following a jury verdict for Rita and Francis Hoar for $6200.00 and $5800.00, respectively. We affirm.

■ The district court's opinion, reported at 327 F.Supp. 570, thoroughly and adequately sets forth the facts surrounding the injury to Mrs. Hoar. Briefly, under icy conditions she slipped, fell, and broke her leg en route from one of defendant's buildings to another across a state-owned "access road" which she had traversed safely some moments earlier. Upon examination of the record we agree with the district court that the evidence adduced at trial, viewed most favorably to the plaintiff, warranted putting to the jury the question whether the defendant owed the plaintiff a duty of care. The jury could have inferred from the testimony either that Mrs. Hoar fell on land leased by defendant rather than on the access road, or that the defendant exercised such control of the access road as to give rise to a duty on its part towards its business invitees having occasion to use the road when patronizing defendant's various shops or facilities. Smith v. Monmaney, 127 Vt. 585, 255 A.2d 674 (1969).

■ Judge Oakes was also correct in sending the issue of assumption of risk to the jury. Mrs. Hoar crossed the access road at the logical and certainly most convenient and expected place—*i. e.*, where the defendant's fences on both sides of the road opened, and where the paved walkways from the defendant's buildings on both sides of the road led.

Although the question is not free from doubt, we think that, notwithstanding Mrs. Hoar's testimony to the effect that she perceived and was aware of the ice on the road, it was proper to allow the jury to determine the issue rather than to rule as a matter of law that the plaintiff knew of the risk involved, appreciated it, and furthermore consented to assume it, Berry v. Whitney, 125 Vt. 383, 217 A.2d 41 (1966).

Affirmed.

HAYS, Circuit Judge (concurring):

I concur in the opinion of the court.

The district court's opinion, by Judge Oakes, now of this court, analyzed the Vermont law of assumption of risk, and denied defendant's motion for judgment *non obstante veredicto* on the ground that,

> "To a business visitor are owed certain duties—duties to keep premises reasonably safe. When those duties are not met there is negligence. *The risk of unsafe premises is not assumed by business visitors* . . . .
> Business visitors may, however, be guilty of contributory negligence, by acting unreasonably under the circumstances."

(Emphasis added; footnote omitted). The district court concluded that Dooley v. Economy Store Inc., 109 Vt. 138, 194 A. 375 (1937) does not represent the present Vermont law on the issue of assumption of risk by a business invitee. A comparison of the factual situations in Cameron v. Abatiell, 127 Vt. 111, 241 A.2d 310 (1968), Smith v. Monmaney, 127 Vt. 585, 255 A.2d 674 (1969), and Forcier v. Grand Union Stores, Inc., 264 A.2d 796 (Vt.1970) with *Dooley* suggests that *Dooley* has in effect been overruled by subsequent decisions. *See also* Wool v. Larner, 112 Vt. 431, 26 A. 2d 89 (1942); Wakefield v. Levin, 118 Vt. 392, 110 A.2d 712 (1954); Wall v. A. N. Derringer, Inc., 119 Vt. 36, 117 A.2d 390 (1955); Killary v. Burlington-Lake Champlain Chamber of Commerce, Inc., 123 Vt. 256, 186 A.2d 170

(1962); Berry v. Whitney, 125 Vt. 383, 217 A.2d 41 (1966); Garafano v. Neshobe Beach Club, Inc., 126 Vt. 566, 238 A.2d 70 (1967); Morgan v. Renehan-Akers Co., 126 Vt. 494, 236 A.2d 645 (1967); Lattrell v. Swain, 127 Vt. 33, 239 A.2d 195 (1968). The district court's analysis of the Vermont law demonstrates that the trend is clearly toward the position taken in the opinion of that court.