**Helen M. and Carl J. Grann v. Green Mountain Racing Corp., Rooney Vermont Associates and Boru, Inc.**

[551 A.2d 1202]

No. 86-358

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 22, 1988

*Gerald A. Harley*, Bennington, for Plaintiffs-Appellants.

*Gary R. Kupferer* of *Carbine, Pressly & Seager*, Rutland, for Defendants-Appellees Green Mountain Racing Corp. and Rooney Vermont Associates.

**Gibson, J.** Plaintiffs appeal the trial court's order granting defendants' motion for a directed verdict. We reverse.

## I.

On review of a trial court's grant of a motion for directed verdict, V.R.C.P. 50, "we must view the evidence in the light most favorable to the nonmoving party, excluding any modifying evidence," and "[i]f there was any evidence fairly and reasonably supporting" the nonmoving party's claim, then the grant of a directed verdict was improper. *Senesac* v. *Associates in Obstetrics & Gynecology,* 141 Vt. 310, 312, 449 A.2d 900, 902 (1982). The instant case fails to satisfy this exacting standard. The relevant facts, viewed in the light most favorable to plaintiffs, are as follows.

Plaintiff Helen Grann was injured when she slipped and fell on something wet at defendants' racetrack in an area where it was unclear whether the racetrack owners or the concessionaire exercised control. Plaintiffs sued defendants racetrack owners in negligence for her injuries, alleging in part that defendants "owned and/or operated a dog racing track in the Town of Pownal," Vermont. Defendants admitted this allegation in their answer to plaintiffs' complaint. Subsequently, plaintiffs amended their complaint to include the concessionaire as an additional defendant.

At trial, plaintiffs' evidence included testimony by plaintiff Helen Grann as to how the accident occurred; her doctor's testimony as to her injuries; a deposition of another doctor; and a deposition of plaintiff Carl Grann, who had died prior to trial. At the close of plaintiffs' evidence, defendants moved for a directed verdict on the basis that no evidence had been submitted "as to who owned or controlled the premises" where the accident occurred, and that there was a lack of proof of proximate cause. The trial court denied the motion, but stated that "the argument for the Motion is very strong . . . ."

Defendants then proceeded with their case, in which they offered testimony from several racetrack employees. At the close of all the evidence, defendants again moved for a directed verdict on the same grounds as before. At that time, plaintiffs dismissed

their claim against the concessionaire, defendant Boru, Inc. The trial court then granted defendants' motion, stating the plaintiffs had "failed to prove all the elements of the case" by failing "to prove what the relationship of the parties was to the ownership or control of the area where the plaintiff fell [in order] to establish and determine which of the defendants, if any, could be found guilty of negligence."

## II.

In cases of this nature, unless the area where the accident occurs is under the control of the defendant at the time of the accident, a plaintiff cannot make out a cause of action in negligence against the defendant, because there is no proof that the defendant owes the plaintiff any duty of care. See *Waite* v. *Brown,* 132 Vt. 20, 25, 312 A.2d 915, 916 (1973); see also *Crosby* v. *Great Atlantic & Pacific Tea Co.,* 143 Vt. 537, 538, 468 A.2d 567, 568 (1983) ("Absence of ownership or control is a defense in a negligence case . . . . "). This Court has previously upheld a directed verdict in a negligence cause of action for a lack of evidence of control over the area where the injury occurred. See *Cameron* v. *Abatiell,* 127 Vt. 111, 119, 241 A.2d 310, 316 (1968).

The issue as to who had ownership and control over the area where plaintiff was injured was fairly an issue in the case. Some evidence of control was presented in defendants' case through the testimony of a former janitor at the racetrack. The former janitor testified that he had been employed by defendant racetrack owners and was responsible for cleaning the area where plaintiff Helen Grann fell. This testimony tended to show defendants' ownership and control over the area in question. Thus, although not substantial, the evidence of control and ownership of the area in which plaintiff Helen Grann fell was sufficient to avoid a grant of a directed verdict. See *Senesac,* 141 Vt. at 312, 499 A.2d at 902. The issue of negligence should have been given to the jury for its consideration.*

*Reversed and remanded.*

---

\* Defendants also argue in support of the trial court's grant of their motion for a directed verdict that plaintiffs failed to present any evidence that defendants knew of the alleged wet substance on the floor and that plaintiffs failed to prove any causal relationship between plaintiff Helen Grann's injuries and any negli-

gence on the part of defendants. Evidence on both of these points was introduced through plaintiff Helen Grann's testimony. There was also testimony by defendants' janitor that the floor was not wet at the time of the fall. This testimony conflicted directly with that of the plaintiff. It was the jury's function to determine the weight and credibility of this evidence.