### Deborah A. Wade v. Richard H. Dodge

[591 A.2d 77]

No. 89-315

Present: Allen, C.J., Gibson, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed March 29, 1991

*J. Eric Anderson* and *Patricia M. Beu,* Law Clerk (On the Brief), of *Fitts, Olson, Carnahan, Anderson & Bump,* Brattleboro, for Plaintiff-Appellee.

*Robert D. Rachlin* and *Charles N. Hurt, Jr.* of *Downs Rachlin & Martin,* Burlington, for Defendant-Appellant.

**Morse, J.** The only issue in this appeal from a plaintiff's verdict in a personal injury action is whether there was sufficient evidence of foreseeability of harm to submit the issue of negligence to the jury. We affirm.

On August 18, 1983, plaintiff was a tenant in defendant's four-unit apartment building in Bellows Falls, Vermont, when she fell from a second floor porch seriously injuring herself. The accident happened while a group of young people were partying and one of them, as a stunt to give the impression he had fallen off the porch, climbed down a porch post out of sight. At the time, plaintiff was seated outside a knee-high railing with her feet dangling off the porch. The area where she was seated was one to two feet wide between the edge and the railing. As some of the partyers moved toward where the prankster disappeared from sight, they leaned against the railing. The railing's support post was loose, and the railing moved outward about a foot sweeping plaintiff off her perch to the ground.

The porch was a common area for the tenants and their guests to gather. Defendant had seen people sitting on the railing, with their feet outside, and it was not unusual for persons to sit in the area between the railing and the edge. Two weeks before the accident, another tenant had noticed the loose railing and told the defendant about it. Defendant, however, did not repair the post before the accident.

The jury returned a plaintiff's verdict, which was reduced because the jury found plaintiff was 40% comparatively negligent. Defendant appeals the court's failure to grant his motion for judgment notwithstanding the verdict on the ground that defendant did not owe plaintiff a duty of care because her use of the porch was unanticipated. See, e.g., *Grann v. Green Mtn. Racing Corp.*, 150 Vt. 232, 233, 551 A.2d 1202, 1203 (1988) (if evidence, viewed in light most favorable to prevailing party and excluding modifying evidence, does not fairly and reasonably support verdict, motion must be granted).

The court's instruction to the jury on the issue here presented is in the language requested by defendant:

A landlord is under no obligation to render the premises safe for a purpose which he can not reasonably anticipate

that they will be used. . . . A landlord is not liable for injury resulting from a misuse of his property unless the misuse is one he knew of or ought to have known about and if he failed to take reasonable steps either to prevent such misuse in the future or to protect those on his premises from the consequences of such misuse.

The evidence was sufficient to permit the jury to conclude that defendant knew, or at least should have known, that tenants used the porch as a place to socialize, that persons sat in the area outside the railing which was roomy enough to be used in that way, that a loose railing existed, and that persons inside and outside the defective railing might be hurt. See, e.g., *Waite v. Brown*, 132 Vt. 20, 29, 312 A.2d 915, 919 (1973) (foresight of injury or knowledge of danger is proved if a reasonably careful person would have appreciated the risk).

The factual key to this case is the landlord's reasonable expectation that plaintiff would be where she was. On this issue there was evidence fairly and reasonably supporting the verdict.

*Affirmed.*